UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN DUSABLON,<br><br>     Plaintiff,<br><br> -against-<br><br>HUGH A. GIBBS and UNION LOGISTICS,<br>LLC,<br><br>     Defendants. | 23-CV-5843 (JGLC)<br><br>**<u>OPINION AND ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Christian Dusablon ("Plaintiff") alleges he sustained personal injuries in a collision involving a vehicle owned and operated by Defendants Hugh A. Gibb and Union Logistics, LLC (collectively, "Defendants"). Defendants now move to preclude the testimony of Plaintiff's experts—Dr. Albert Villafuerte, Dr. David Capiola, and Dr. Rohan Desai—or in the alternative, to reopen and extend expert discovery. Defendants also move for sanctions under Federal Rule of Civil Procedure 37. Plaintiff opposes Defendants' motion.

The Court GRANTS in part and DENIES in part Defendants' motion. Balancing both the importance of the expert testimony at issue and the prejudice suffered by the Defendants due to Plaintiff's untimely disclosures, the Court DENIES Defendants' motion to preclude the expert testimony at issue, but GRANTS Defendants' motion to reopen expert discovery and extend the filing dates for *Daubert* and dispositive motions. Furthermore, the Court GRANTS Defendants' motion for fees and costs incurred in making the present motion.

## BACKGROUND

The following facts are, unless otherwise noted, taken from the Complaint and presumed to be true for the purposes of the instant motion. *See Goldstein v. Montefiore Med. Ctr.*, No. 22-CV-6723, 2025 WL 2726791, at \*1 (S.D.N.Y. Sept. 25, 2025). This case originates from an

automobile accident that occurred on November 11, 2022, in Bronx County, New York. ECF No. 1-1 ¶¶ 9–10. Defendants owned and operated a motor vehicle that came into contact with a vehicle operated by Plaintiff. *Id.* ¶ 10. As a result, Plaintiff suffered "severe" bodily injuries that resulted in permanent disability. *Id.* ¶ 14.

On April 19, 2023, Plaintiff filed this action in the Supreme Court of the State of New York, County of Bronx. ECF No. 1, 1-1. Plaintiff alleged that Defendants' negligence caused the motor vehicle accident, as "[D]efendants' motor vehicle was operated in a reckless, careless, and negligent manner." ECF No. 1-1 ¶ 11. On July 7, 2023, Defendants removed this action to this Court. ECF No. 1.

Following multiple, prior extensions of discovery deadlines, ECF Nos. 19, 21, 26, this Court granted a final extension of discovery deadlines on January 8, 2025, extending the deadlines for expert discovery to February 14, 2025, and *Daubert* and dispositive motions to March 14, 2025. ECF No. 28. At that time, the Court stated that "[n]o further extensions of these deadlines will be granted." *Id.*

Defendants filed the present motion on March 14, 2025. ECF No. 30. After Plaintiff missed his deadline to respond and the Court extended it *sua sponte*, Plaintiff filed his opposition to the motion on April 9, 2025. ECF Nos. 34-35. Plaintiff's opposition included six exhibits, which consisted of:

- Plaintiff's various medical records and receipts dating from April 2023 through March 2024, signed by Drs. Villafuerte, Capiola, and Desai. ECF Nos. 35-1, 35-2, 35-3.

- Plaintiff's October 14, 2024 expert disclosures (titled "Expert Exchange[s]") for Drs. Villafuerte, Capiola, and Desai. ECF No. 35-4. These disclosures contain the same general language for each physician: that the physician "is expected to present evidence

regarding [Plaintiff's] medical condition, prognosis, causation, permanency and need for future medical care," and that the physician identified "will base his opinion on his examination of the [P]laintiff, the review of medical records[,] and his training, education and experience." *Id.*

- A letter from Plaintiff to Defendants dated March 25, 2025, ECF No. 35-5 at 2, with an enclosed "narrative report from Physical Medicine and Rehabilitation of New York" signed by Dr. Villafuerte and dated both March 19, 2025, and February 26, 2025. ECF No. 35-5 at 3, 21. This "comprehensive report entails a complete patient history, examination findings, inclusion of all diagnostic testing, diagnosis, treatment plans, prognosis and disability status." *Id.* at 3. The report is "[b]ased upon history given by the patient and . . . objective findings, including signs on physical examination [and] objective testing." *Id.* at 21.

- A letter from Plaintiff to Defendants dated April 9, 2025, with an enclosed "narrative report from New York Sports & Joint Orthopaedic Specialists" signed by Dr. Capiola and dated March 18, 2025. ECF No. 35-6; *see also* ECF No. 33. This report describes Plaintiff's patient history and Dr. Capiola's examination findings, recommendations, and prognosis. *Id.*

On April 16, 2025, a week after filing his Opposition, Plaintiff filed a letter addressed to Defendants with Dr. Desai's report (dated April 9, 2025) attached. ECF No. 38. Dr. Desai's report is titled "Post Operative Progress Notes" and consists of a two-page "review of records." *Id.* Dr. Desai's report includes Plaintiff's patient history, a review of other physicians' records, physical examination findings, diagnosis, and assessment. *Id.*

On April 30, 2025, Defendants replied to Plaintiff's Opposition. ECF Nos. 39, 40.

**DISCUSSION**

At this time, Defendants do not challenge the qualifications or reliability of Drs. Villafuerte, Capiola, and Desai, but rather seek to exclude the testimony of the physicians because of deficiencies in Plaintiff's expert disclosures. The Court DENIES Defendants' motion to preclude the expert testimony of Drs. Villafuerte, Capiola, and Desai, but GRANTS the reopening of expert discovery and extension of motion deadlines. Additionally, the Court GRANTS Defendants' motion for fees and costs incurred in making the present motion.

### I.    Plaintiff's Expert Disclosures Violated Rule 26's Timeliness Requirement

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of expert testimony. Rule 26(a)(2)(C) governs expert disclosures for witnesses who are not required to provide a written report, which includes treating physicians. *Brutton v. United States*, 687 Fed. App'x. 56, 58 (2d Cir. 2017) (citing Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment) ("[T]he notes to Rule 26 specifically contemplate that a treating physician . . . may testify without a written expert report."). Rule 26(a)(2)(C) requires that a treating physician's disclosure state "(i) the subject matter on which the witness is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the witness is expected to testify."

"In evaluating whether a disclosure meets these [Rule 26(a)(2)(C)] requirements, courts consider whether the subject disclosure helps the opposing party and the Court understand what the physician will offer *specifically* on the subject matter for which they were disclosed, in terms of facts and medical opinions." *Glaudino v. Long Island R.R. Co.*, No. 20-CV-1159 (LGS), 2021 WL 4754769, at *2 (S.D.N.Y. Oct. 12, 2021) (internal citation and quotation marks omitted). Treating physicians' disclosures must sufficiently "give the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony

4

from other witnesses," and "provide the subject matter of the physician's intended testimony, coupled with specific facts and more than bare-minimum details of opinions formed therefrom." *Id.*

If a party offering a treating physician's expert testimony does not comply with Rule 26(a)(2)(C), the treating physician may not provide "testimony that also includes reliance on outside sources, such as another doctor's records or opinions or facts acquired as part of litigation." *Id.* at 214. When expert disclosures do not meet Rule 26(a)(2)'s requirements, treating physicians' testimonies are limited to "personal knowledge of their patient's treatment," and may not include any information learned outside the course of treatment. *Id. See also Binns-Harty-Bolt v. McDonough*, No. 21-CV-7276, 2024 WL 4817253 (PAE) (BCM), at *3 (S.D.N.Y. Nov. 18, 2024) (quoting *Ramsay v. Nat'l R.R. Passenger Corp.*, No. 12-CV-1999 (MHD), 2015 WL 2168062, at *9 (S.D.N.Y. May 7, 2015)) (concluding that so long as the patient-party discloses all of his or her records, "treating physicians may 'testify as to opinions formed during their treatment, including causation, without the submission of an expert report'").

Additionally, Rule 26(e)(1)(A) requires that parties who make a Rule 26(a) disclosure "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). "The party that fails to comply with Rule 26(a) or (e) bears the burden of proving both that its non-compliance was substantially justified, and that it was harmless." *Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 209–10 (S.D.N.Y. 2021) (internal citation and quotation marks omitted).

In the present motion, Defendants argue that Plaintiff failed to comply with Rule 26(a)(2)(C) and 26(e)(1)(A). ECF No. 32 at 5–11. Specifically, Defendants argue that although

5

Plaintiff's timely expert disclosures state "the subject matter on which the witness is expected to present evidence," as required by Rule 26(a)(2)(C)(i), the disclosures do not provide a "summary of the facts and opinions to which the witness is expected to testify," as required by Rule 26(a)(2)(C)(ii). *Id.* at 7.

Prior to the close of the expert discovery period, Plaintiff served Defendants with initial expert disclosures for each physician and access to Plaintiff's medical records. ECF Nos. 34, 35-4. Taking these disclosures to satisfy Rule 26(a)(2)(C)(i), the Court agrees with Defendants that these timely disclosures do not satisfy Rule 26(a)(2)(C)(ii).

First, Plaintiff's initial expert disclosures state for each expert the physician's medical specialty, and that the physician is "expected to present evidence regarding [Plaintiff's] medical condition, prognosis, causation, permanency and need for future medical care," based on the physician's "examination of the [P]laintiff, the review of medical records[,] and his training, education and experience." ECF No. 35-4 at 2, 6, 10. Rather than summarizing any "facts and opinions," these expert disclosures are threadbare and offer only "mere generalities." *McAfee v. Naqvi*, No. 14-CV-410, 2017 WL 3184171 (VAB), at *6 (D. Conn. July 26, 2017); *see id.*, at *5 (holding experts' disclosures insufficient under Rule 26(a)(2)(C) when they did not enable the other party or the Court to "understand what any of these treating physicians will offer specifically . . . in terms of facts and medical opinions"). These boilerplate disclosures fail to meet the Rule 26(a)(2)(C)(ii) requirement of providing "specific facts" and more than "bare-minimum details." *Glaudino*, 2021 WL 4754769, at *2 (internal citation omitted).

Second, access to medical records similarly does not satisfy Rule 26(a)(2)(C)(ii), because there is no summarization of the voluminous facts and opinions the records contain. Plaintiff cites no caselaw to the contrary. *See* ECF No. 34.

6

After Plaintiff served these insufficient expert disclosures and Defendants filed the present *Daubert* motion, Plaintiff provided medical records and narrative reports from the physicians at issue. *See* ECF Nos. 35-5 (Dr. Villafuerte's March 19, 2025 summary report, served on Defendants on March 25, 2025), 35-6 (Dr. Capiola's March 18, 2025 summary report, served on Defendants on April 9, 2025), 39-1 (Dr. Desai's April 9, 2025 summary report, served on Defendants on April 16, 2025). Plaintiff served these narrative reports on Defendants far after the February 14, 2025 close of expert discovery. *See* ECF No. 28. Although treating physicians are not ordinarily required to provide written expert reports, here, the reports were necessary to supplement Plaintiff's deficient disclosures.

In their Reply, Defendants raise the narrative reports' untimeliness, but do not contest that the physicians' narrative reports meet Rule 26(a)(2)(C)'s substantive requirements. *See* ECF No. 40. Accordingly, the Court finds that the physicians' narrative reports, which include patient history, examination findings, diagnoses, and assessments, satisfy Rule 26(a)(2)(C). *See* ECF Nos. 35-5, 35-6, 39-1. That is, the reports (i) state "the subject matter on which the [physicians are] expected to present evidence," and (ii) summarize the "facts and opinions to which the [physicians are] expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

However, Plaintiff's compliance with Rule 26(a) was untimely. On November 4, 2024, prior to the close of expert discovery, Defendants notified Plaintiff that they believed Plaintiff's initial expert disclosures did not satisfy Rule 26(a)(2)(C). ECF No. 31-8. Nevertheless, Plaintiff did not supplement his expert disclosures until months after Defendants' letter and the February 14, 2025 close of expert discovery, serving Dr. Villafuerte's report on March 25, 2025, Dr. Capiola's report on April 9, 2025, and Dr. Desai's report on April 16, 2025. *See* ECF Nos. 35-5, 35-6, 39-1. In light of these delays and the prior, multiple extensions of discovery deadlines,

7

Plaintiff violated Rule 26(e)(1)(A)'s requirement that parties supplement deficient disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A); *see* ECF Nos. 19, 21, 26, 28.

**II.     The Court Denies Preclusion of Expert Testimony but Grants Reopening of Discovery and Awards Fees and Costs Under Rule 37**

In light of Plaintiff's failure to timely disclose the requisite expert disclosures, the Court must decide the appropriate consequence for this failure. In doing so, the Court first lays out the legal standard that governs this failure, and then ultimately concludes that the payment of attorneys' fees, rather than preclusion of the testimony, is the appropriate recourse.

**A.  Rule 37 Governs Sanctions for Failure to Comply with Rule 26**

Failure to comply with the disclosure requirements of Rule 26 may result in preclusion of expert testimony. Under Rule 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When determining whether to exclude expert testimony, courts in the Second Circuit weigh the following factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *United States v. Asare*, No. 15-CV-3556 (AT), 2019 WL 10854305, at *3 (S.D.N.Y. June 17, 2019) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

However, "[p]reclusion of evidence is generally a disfavored action." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). Specifically, as a judge in this court has aptly concluded, although preclusion of expert testimony is "tempting from an efficiency standpoint," it is "inappropriate" when considering the importance of admissible expert medical

testimony. *Binns-Harty-Bolt*, 2024 WL 4817253, at *2 (denying a motion to preclude expert testimony and opting instead to set an expert disclosure and motion schedule).

In addition to preclusion of testimony, Rule 37(c)(1) allows for additional or alternative sanctions for when a party fails "to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). Specifically, Rule 37(c)(1)(A) permits a court to order "payment of the reasonable expenses, including attorney's fees, caused by the failure" of a party that did not comply with Rule 26, after that party has had an opportunity to be heard. Fed. R. Civ. P. 37(c)(1)(A). It is the movant's burden to demonstrate that sanctions are warranted for the party that failed to comply with its discovery obligations. *See Maldonado v. Town of Greenburgh*, No. 18-CV-11077 (KMK) (AEK), 2022 WL 21295040, at *7 (S.D.N.Y. Mar. 31, 2022), *aff'd*, No. 18-CV-11077 (KMK) (AEK), 2022 WL 2359800 (S.D.N.Y. June 30, 2022).

Typically, a party's conduct must be "duplicitous" or "unjustified" to "warrant[] the imposition of attorney's fees" under Rule 37(c)(1)(A). *Feltenstein v. City of New Rochelle*, No. 14-CV-5434 (NSR), 2018 WL 3752874, at *9 (S.D.N.Y. Aug. 8, 2018) (internal citations omitted). Additionally, an award of expenses may be inappropriate when the movant's burden is minimal or would have arisen regardless of the party's compliance with the rules. *Id.* (denying an application for attorney's fees under Rule 37(c)(1)(A) when "the motion before the Court was a relatively simple one" and even "had Defendant complied with their Rule 26(a) obligations, the deposition of the newly discovered witness would have likely taken place during discovery").

**B. Reopening Discovery and Awarding Fees and Costs Are the Appropriate Remedy for Plaintiff's Untimely Expert Disclosures**

As discussed above, Plaintiff indisputably served Defendants with the treating physicians' narrative reports months after the close of expert discovery, in violation of Rule 26(e)(1)(A).

However, despite Plaintiff's failure to timely serve sufficient expert disclosures, exclusion of the treating physicians' testimony is unwarranted here.

The Court considers Plaintiff's justifications for failure to comply, the importance of the treating physicians' testimony, potential prejudice to Defendants, and the possibility of continuance in deciding whether to preclude expert testimony. *See United States v. Asare*, No. 15-CV-3556 (AT), 2019 WL 10854305, at *3 (S.D.N.Y. June 17, 2019). Plaintiff's explanation for his failure to timely serve the physicians' narrative reports is that "these doctors were not hired by [P]laintiff's counsel for the purposes of this litigation and are not under [his] control." ECF No. 34 at 4. In light of the multiple extensions of the discovery deadlines, this is not a compelling justification. However, the other factors weigh towards reopening expert discovery and extending the deadlines for *Daubert* and dispositive motion due dates.

Particularly, testimony from Plaintiff's own physicians is critical to his personal injury claims. The importance of these physicians' testimony weighs heavily against preclusion. *See Binns-Harty-Bolt*, 2024 WL 4817253, at *2. Similarly, the last two factors—prejudice to Defendants and the possibility of continuance—weigh in Plaintiff's favor. Defendants agree that extension of expert discovery and motion deadlines would "alleviate the prejudice Defendants would suffer if Plaintiff is permitted to call the treating physicians to testify at trial." ECF No. 40 at 5. Additionally, the prejudice is lessened because Defendants already possess much of the information underlying the physicians' testimony in the form of medical records, *see* ECF Nos. 35-1, 35-2, 35-3, and narrative reports, *see* ECF Nos. 35-5, 35-6, 39-1. Further, there is no need for a continuance when "the Court has not yet set a trial date." *Dawson v. Sec. Servs. of Connecticut, Inc.*, No. 20-CV-1310 (SVN), 2022 WL 204554, at *3 (D. Conn. Jan. 24, 2022). Therefore, the Court denies Defendants' motion to preclude the testimony of Drs. Villafuerte,

Capiola, and Desai, and instead grants the reopening of expert discovery and extension of the deadlines for *Daubert* and dispositive motions.

Furthermore, Rule 37(c)(1)(A) allows that instead of precluding expert testimony, "the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. P. 37(c)(1)(A). "Such sanctions include assessing fees and costs to the party, or counsel for the party, that failed to comply." *Dawson*, 2022 WL 204554, at *3 (citing Fed. R. Civ. P. 37(c)(1)(A)). Defendants moved for fees and costs incurred in making the present motion, ECF No. 32 at 20–21, and Plaintiff had the opportunity to be heard in his Opposition, ECF Nos. 34, 35. Though Plaintiff responded that he "has not acted in bad faith and no gamesmanship is involved," Plaintiff's failure to comply with his discovery obligations caused this motion practice, extensions of discovery, and delay in this action's progression. ECF No. 34 at 5. Therefore, because Plaintiff's timely expert disclosures were insufficient under Rule 26(a)(2)(C) and were not timely supplemented as required by Rule 26(e)(1)(A), the Court grants Defendants' motion for fees and costs incurred in making the present motion.

Additionally, it appears Plaintiff's counsel cites to nonexistent caselaw. *See* ECF No. 34 at 4 ("*Spinale v. United States 2009 WL 792089, at 3 (S.D.N.Y. March 24, 2009)*"). Both Defendants and this Court have attempted to identify this case by searching for the case name, Westlaw citation, and date cited. *See* ECF No. 40 at 4 n.1. However, the case could not be located. *Id.* Incorrect or nonexistent citations may indicate reliance on hallucinating artificial intelligence. *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023) (imposing sanctions against counsel for citing "non-existent judicial opinions" generated by artificial intelligence). If Plaintiff's counsel uses artificial intelligence for any future filings with the

11

Court, counsel must alert the Court in a certification that he has done so and that he has confirmed the validity of all citations. Failure to do so in the future may result in sanctions.

## CONCLUSION

For the reasons stated herein, Defendants' motion to preclude the expert testimony of Drs. Villafuerte, Capiola, and Desai is GRANTED in part and DENIED in part. The Court DENIES preclusion of the testimony of Drs. Villafuerte, Capiola, and Desai, but GRANTS the reopening of expert discovery until **February 27, 2026**, and extends the deadlines for *Daubert* and dispositive motions to **April 3, 2026**. By **March 6, 2026**, the parties shall submit a post-discovery joint status letter.

Additionally, the Court GRANTS Defendants' motion for fees and costs incurred in making the present motion. The parties are directed to confer regarding the amount of fees and costs incurred, and the parties may raise any disputes with respect to the amount by joint letter due by **January 9, 2026**. Any joint letter must set out each side's position with respect to the dispute and shall be no longer than 1,000 words per side (not including exhibits).The Clerk of Court is respectfully directed to terminate ECF No. 30.

Dated:  December 9, 2025
        New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

12